# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **WINTER JOY POWERS,** <br><br> **Plaintiff,** <br><br> v. <br><br> **ANDREW M. SAUL,**[1] <br> **Commissioner of Social Security,** <br><br> **Defendant.** | **REPORT AND RECOMMENDATION** <br><br> **Case No. 2:18-cv-00333-DB-PMW** <br><br><br> **District Judge Dee Benson** <br><br> **Chief Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[2]  Before the court is the Andrew M. Saul's ("Commissioner") motion to dismiss.[3]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motion based upon the written memoranda.  *See* DUCivR 7-1(f).

---

[1] Andrew M. Saul is now the Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul has been substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this action.  *See* docket no. 12.

[2] *See* ECF no. 2.

[3] *See* ECF no. 14.

## BACKGROUND

This action relates to Plaintiff's claims for Disability Insurance Benefits under Title II of the Social Security Act ("Act"), *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income under Title XVI of the Act, *see id.* §§ 1381-1383f.[4]

On June 13, 2017, an Administrative Law Judge ("ALJ") issued an Order of Dismissal because Plaintiff failed to appear at her scheduled administrative hearing on May 17, 2017, and had not responded to the ALJ's Notice to Show Cause for Failure to Appear dated May 23, 2017.[5]

On October 13, 2017, Plaintiff filed an untimely request for review of the ALJ's Order of Dismissal.[6] Attached to Plaintiff's untimely request for review was a statement dated August 1, 2017, which was a response to the ALJ's Notice to Show Cause for Failure to Appear.[7]

On October 25, 2017, the Appeals Council mailed to Plaintiff a request for a statement of the reason(s) for the untimely request for review, which allowed 30 days for a response.[8] On February 15, 2018, the Appeals Council dismissed Plaintiff's request for review because she did not respond to the request for a statement of good cause.[9]

---

[4] *See* ECF no. 4.

[5] *See* ECF no. 14-1, Exhibits 1, 2.

[6] *See id.*, Exhibit 3.

[7] *See id.*, Exhibit 3.

[8] *See id.*, Exhibit 4.

[9] *See id.*, Exhibit 5.

On April 24, 2018, Plaintiff filed the instant action.[10] On August 1, 2019, the Commissioner filed the motion to dismiss before the court.[11]

## ANALYSIS

Judicial review of the final decisions on claims arising under Title II or Title XVI of the Act is limited. In relevant part, 42 U.S.C. § 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

42 U.S.C. § 405(g). 42 U.S.C. § 405(h) provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h) (emphasis added). Those provisions make it clear that the only civil action permitted on claims arising under Title II or Title XVI of the Act is an action to review the final decision of the Commissioner after a hearing. *See Califano v. Sanders*, 430 U.S. 99, 108 (1977).

The term "final decision" is not defined in the Act, but "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Under the Act, the authority to determine what constitutes a final decision rests with the

---

[10] *See* ECF no. 4.

[11] *See* ECF no. 14.

Commissioner since he has the ultimate responsibility for the integrity of the administrative program. *See Mathews v. Edlridge*, 424 U.S. 319, 330 (1976).

The Act and the Commissioner's implementing regulations provide the procedural framework for seeking administrative and judicial review of disability claims. The relevant statutes indicate that the determination of whether an individual is under a disability shall be made in the first instance by a State agency, pursuant to regulations, guidelines, and performance standards established by the Commissioner. *See* 42 U.S.C. §§ 421(a), 1383b(a). If the State agency determines that the claimant is not disabled, the claimant may request a de novo reconsideration by the State agency. The claimant is informed that he or she must request reconsideration within 60 days of her receipt of the adverse initial determination, *see* 20 C.F.R. §§ 404.904, 404.909(a)(1), 416.1404, 416.1409(a), and that determination becomes binding upon the claimant if he or she does not do so. *See* 20 C.F.R. §§ 404.905, 416.1405.

If the claimant is dissatisfied with the State agency's decision after reconsideration, he or she "shall be entitled to a hearing thereon by the Commissioner of Social Security." 42 U.S.C. § 421(d). The Act requires, and the claimant is notified, that he or she must request a hearing before an ALJ within 60 days of the receipt of the State agency's reconsideration decision. *See* 42 U.S.C. §§ 405(b)(1), 1383(c)(1). The latter decision is binding upon the claimant if he or she does not timely request an ALJ hearing. *See* 20 C.F.R. §§ 404.920, 404.921(a), 404.933(b), 416.1420, 416.1421(a), 416.1433(b). If the ALJ's decision is adverse to the claimant, he or she then may seek review by the Appeals Council. If a claimant does not request such review within 60 days, the adverse ALJ decision is binding. *See* 20 C.F.R. §§ 404.955(a), 404.968(a)(1), 416.1455(a), 416.1468. The claimant is informed that he or she must seek Appeals Council

4

review within 60 days.  It is only after the Appeals Council has denied review, or has granted review and issued its own decision, that the Commissioner has rendered a "final decision" on the claim for benefits, which then is subject to judicial review pursuant to 42 U.S.C. § 405(g).  If a claimant does not seek judicial review of that determination, it is binding on the claimant.  *See* 20 C.F.R. §§ 404.900(a)(5), 404.981, 416.1400(a)(5), 416.1481, 422.210.

Here, as demonstrated by the background recounted above, Plaintiff filed the instant action prior to exhausting the foregoing administrative process.  Accordingly, she is seeking judicial review prior to the ALJ's decision becoming the final decision of the Commissioner.  Because Plaintiff is not appealing a "final decision . . . after a hearing," 42 U.S.C. § 405(g), this court lacks jurisdiction over Plaintiff's action.  Therefore, the court should grant the Commissioner's motion and dismiss this case without prejudice for lack of subject-matter jurisdiction.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that the Commissioner's motion to dismiss[12] be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after being

---

[12] *See* ECF no. 14.

served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 23rd day of April, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge